**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Court File No.: CV 01-871 DWF/SRN

James W. Battle, Jr.,

Plaintiff,

v.

**STIPULATION AND**
**AND PROTECTIVE ORDER**

Independent School District No. 625,
St. Paul School District,

Defendant.

---

**IT IS HEREBY STIPULATED AND AGREED** by the parties hereto, through their undersigned attorneys, as follows:

1. Plaintiff has requested materials which Defendant believes contain private data pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.*

2. Defendant agrees that these documents are relevant to the above claim and believes Plaintiff is entitled to those documents but for the Data Practices Act.

3. That, pursuant to Minn. Stat. § 13.03, subd. 6, Defendant will provide these documents, under seal, for the Court's *in camera* review and will agree to the order set forth below.

4. Should additional relevant documents be located by Defendant in the course of discovery, where said documents are otherwise subject to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.*, Defendant agrees to expedite the Court's review of said documents and Plaintiff shall not in any way be prejudiced by delays in the production of said documents.

FILED MAY - 6 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

5. If this Court so orders, defendant agrees to produce copies of these documents under the terms and conditions as specified below:

a. The documents to be produced in response to this Order shall be considered "Confidential Materials" under the terms of this Order, and this order shall govern the examination and use of such documents.

b. Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d, below. The Confidential materials may not be disclosed to the plaintiff unless relevant to issues on which plaintiff must testify, in which case, plaintiff will become bound by all terms and conditions of this Order, as any actual or potential witness in subparagraph 3(g)(iii). However, this does not preclude counsel from generally disclosing the content of Confidential Materials as the same relates to strategic or settlement decisions on which the plaintiff would be required to approve or acquiesce. In such instance, plaintiff also will become bound by the terms and conditions of this Order. In any event, it is expressly understood that the plaintiff may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If counsel wish to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to Confidential Materials or information derived therefrom, may be designated as "Confidential," and if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons." "Qualified Persons" are:

i. The court (subject to the provisions of subparagraph (g) hereof);
ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties.
iii. Court reporters employed in connection with any deposition in the action;
iv. Any other persons that the parties agree to in writing;
v. Employers and agents of defendant; and
vi. Retained expert witnesses.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph (g) hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

g. Nothing contained this Order shall preclude any party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or a trial provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph (b) of this section requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this Order.

6. In the event that any Confidential Material or information derived therefrom is used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

7. Nothing herein shall be construed to affect in any way any party's right to object to the admissibility of any document, testimony or other evidence at trial.

8. If a party receives a subpoena or other court process that arguably calls for the production of Confidential Materials, the party, upon receipt of the subpoena or other process, shall notify the attorneys for the parties to the action before producing such Confidential Materials.

9. Upon termination of this litigation, counsel shall return all Confidential Materials and copies thereof to defendant's attorney after notification of said termination.

10. The designation of any document, or information or thing as confidential under this Order is for purposes of this protective order only and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart from the application of this Order.

**LAURIE & LAURIE**

Dated: 4/16/02

By: ____________________
Gerald T. Laurie (#51115)
Attorneys for Plaintiff James W. Battle, Jr.
1660 South Highway 100
508 East Parkdale Plaza Building
St. Louis Park, MN 55416
952-738-0191

**ERSTAD & RIEMER, P.A.**

Dated: 5/1/02

By: ____________________
James R. Andreen (#174373)
Attorneys for Defendant
1000 Northland Plaza
3800 West 80th Street
Minneapolis, MN 55431
(952) 896-3700

**ORDER**

**IT IS HEREBY ORDERED**, pursuant to the terms of the foregoing Stipulation and this Court's order, defendant shall produce the above described documents provided to the Court for an *in camera* review, pursuant to the protections set forth above.

**BY THE COURT:**

Dated: May 6, 2002

Susan Richard Nelson
Magistrate Judge of U.S. District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995